﻿Citation Nr: AXXXXXXXX
Decision Date: 12/27/18 Archive Date: 12/26/18

DOCKET NO. 180809-224
DATE: December 27, 2018
REMANDED
Entitlement to service connection for obstructive sleep apnea is remanded.
REASONS FOR REMAND
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty in the United States Air Force from September 1979 to September 1992, and from November 2001 to November 2002. During his period of service, the Veteran earned the National Defense Service Medal with one device, Air Force Longevity Service Award with four devices, Noncommissioned Officer’s Professional Military Education Ribbon with one Oak Leaf Cluster, Air Force Outstanding Unit Award with four devices, Air Force Training Ribbon, Air Force Good Conduct Medal with three Oak leaf Clusters, Small Arms Expert Marksmanship Ribbon with bronze star, Meritorious Service Medal, Air Force Commendation Medal, Air Force Overseas Long Tour Ribbon with one Oak Leaf Cluster, and Armed Forces Reserve Medal with bronze hourglass and “M.” 
The Veteran submitted evidence during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. The Veteran may submit this evidence, along with a Supplemental Claim. If the new evidence is relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision. 
Upon review of the record, the Board finds that the claim must be remanded. The Board sincerely regrets the additional delay caused by this remand, but wishes to assure the Veteran that it is necessary for a full and fair adjudication of his claim.
The issue of entitlement to service connection for obstructive sleep apnea is remanded to correct a duty to assist error that occurred prior to the February 2016 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination prior to the February 2016 rating decision on appeal. However, based on the evidence associated with the claims file prior to the February 2016 rating decision, the Board finds that a VA examination/medical opinion is required to determine whether the Veteran’s obstructive sleep apnea is related to service. 
Here, private treatment records show a diagnosis of obstructive sleep apnea. The Veteran’s service treatment records are silent for complaints, treatment, or diagnosis related to obstructive sleep apnea. However, the Veteran contends that his condition began in service, and has provided lay evidence that the condition has continued since service; however, there is insufficient evidence of record to decide the claim. Consequently, remand for an examination and nexus opinion is warranted. McLendon v. Nicholson, 20 Vet. App. 79 (2006).
Accordingly, the matter is REMANDED for the following action:
Schedule the Veteran for a VA examination with the appropriate examiner to determine the nature and etiology of his obstructive sleep apnea. The examiner must review pertinent documents in the Veteran’s claims file in conjunction with the examinations. This must be noted in the examination report.
The examiner must state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran’s obstructive sleep apnea had its onset in service or is otherwise etiologically related to active service. 
The examiner’s attention is directed to the December 2015 lay and buddy statements of record, in which address the Veteran’s heavy snoring during service. The examiner is advised that laypersons are competent to report as to observable symptoms such snoring, and that these reports must be taken into account in formulating the requested opinion. See Layno v. Brown, 6 Vet. App. 465 (1994).
(Continued on the next page)
 
Rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).
 
A. S. CARACCIOLO
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD T. Joseph, Associate Counsel